**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-----------------------------------------------------------------------X

ANTHONY PERALTA,

                     Plaintiff,

            -against-

LOWE'S HOME CENTERS, LLC and
LOWE'S STORE #3159,

                    Defendants.

-----------------------------------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**

Plaintiffs designate Suffolk
County as the place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiffs reside at:
175 Washington Avenue
Brentwood, New York 11717

**To the above-named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       August 24, 2021

                    LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC

                    _____

                    PANAGIOTIS D. CHRISTAKIS, ESQ.
                    *Attorneys for Plaintiff*
                    *ANTHONY PERALTA*
                    Financial Square at 32 Old Slip-8th Floor
                    New York, New York 10005
                    212-962-1020
                    Our File No. 30888

TO:    **See attached rider**

Case 2:22-cv-00243-DRH-AYS   Document 1-1   Filed 01/14/22   Page 3 of 33 PageID #: 7

**Rider**

LOWE'S HOME CENTERS, LLC
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543

LOWE'S STORE #3159
100 Long Island Expressway
Commack, New York 11725

Case 2:22-cv-00243-DRH-AYS   Document 1-1   Filed 01/14/22   Page 4 of 33 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

----------------------------------------------------------------------X

ANTHONY PERALTA,

                                        Plaintiff,

                        -against-

LOWE'S HOME CENTERS, LLC and
LOWE'S STORE #3159,

                                        Defendants.

----------------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

        Plaintiff JOHNNY BENIQUEZ, by their attorneys LAW OFFICES OF MICHAEL

LAMONSOFF, PLLC, complaining of the Defendants, respectfully allege, upon information and

belief:

        1.      That at all times hereinafter mentioned, Plaintiff was, and still is a resident of the

County of Suffolk, State of New York.

        2.      Upon information and belief, and at all times hereinafter mentioned, the defendant

LOWE'S HOME CENTERS, LLC, was and still is a domestic limited liability company duly

organized and existing by virtue if the laws of the State of New York, doing business in the State

of New York.

        3.      Upon information and belief, and at all times hereinafter mentioned, the defendant

LOWE'S HOME CENTERS, LLC, was and still is a foreign limited liability company doing

business in the State of New York.

        4.      Upon information and belief, and at all times hereinafter mentioned, the defendant

LOWE'S HOME CENTERS, LLC, was and still is an unincorporated association doing business

in the State of New York.

3

5.      Upon information and belief, and at all times hereinafter mentioned, the defendant LOWE'S HOME CENTERS, LLC, was and still is a sole proprietorship doing business in the State of New York.

6.      Upon information and belief, and at all times hereinafter mentioned, the defendant LOWE'S STORE #3159, was and still is a domestic corporation duly organized and existing by virtue if the laws of the State of New York, doing business in the State of New York.

7.      Upon information and belief, and at all times hereinafter mentioned, the defendant LOWE'S STORE #3159, was and still is a foreign corporation doing business in the State of New York.

8.      Upon information and belief, and at all times hereinafter mentioned, the defendant LOWE'S STORE #3159, was and still is an unincorporated association doing business in the State of New York.

9.      Upon information and belief, and at all times hereinafter mentioned, the defendant LOWE'S STORE #3159, was and still is a sole proprietorship doing business in the State of New York.

10.     Upon information and belief, that at all times hereinafter mentioned, Defendant LOWE'S HOME CENTERS, LLC, owned the premises located at 100 Long Island Expressway, Commack, New York 11725.

11.     Upon information and belief, that at all times hereinafter mentioned defendant LOWE'S HOME CENTERS, LLC, operated the premises located at 100 Long Island Expressway, Commack, New York 11725.

4

12.     Upon information and belief, that at all times hereinafter mentioned defendant LOWE'S HOME CENTERS, LLC, maintained the premises located at 100 Long Island Expressway, Commack, New York 11725.

13.     Upon information and belief, that at all times hereinafter mentioned defendant LOWE'S HOME CENTERS, LLC, managed the premises located at 100 Long Island Expressway, Commack, New York 11725.

14.     Upon information and belief, that at all times hereinafter mentioned defendant LOWE'S HOME CENTERS, LLC, controlled the premises located at 100 Long Island Expressway, Commack, New York 11725.

15.     10.     Upon information and belief, that at all times hereinafter mentioned, Defendant LOWE'S STORE #3159, owned the premises located at 100 Long Island Expressway, Commack, New York 11725.

16.     Upon information and belief, that at all times hereinafter mentioned defendant LOWE'S STORE #3159, operated the premises located at 100 Long Island Expressway, Commack, New York 11725.

17.     Upon information and belief, that at all times hereinafter mentioned defendant LOWE'S STORE #3159, maintained the premises located at 100 Long Island Expressway, Commack, New York 11725.

18.     Upon information and belief, that at all times hereinafter mentioned defendant LOWE'S STORE #3159, managed the premises located at 100 Long Island Expressway, Commack, New York 11725.

5

Case 2:22-cv-00243-DRH-AYS   Document 1-1   Filed 01/14/22   Page 7 of 33 PageID #: 11

19. Upon information and belief, that at all times hereinafter mentioned defendant LOWE'S STORE #3159, controlled the premises located at 100 Long Island Expressway, Commack, New York 11725.

20. That on February 22, 2021 while plaintiff was lawfully within the premises located at 100 Long Island Expressway, Commack, New York 11725, he was caused to slip and fall and sustain serious personal injuries due to the negligence of the defendants.

21. That on and prior to February 22, 2021, the defendant, LOWE'S HOME CENTERS, LLC, its agents, servants and/or employees negligently and carelessly maintained said premises in such a haphazard, negligent manner as to cause the same to become and remain in an unsafe improper and dangerous condition, which consisted of a trap and a nuisance as well as a negligent and improper condition of which the defendant had due notice, or by the use of reasonable care and inspection therein, might and should have had due notice.

22. That on and prior to February 22, 2021, the defendant, LOWE'S STORE #3159, its agents, servants and/or employees negligently and carelessly maintained said premises in such a haphazard, negligent manner as to cause the same to become and remain in an unsafe improper and dangerous condition, which consisted of a trap and a nuisance as well as a negligent and improper condition of which the defendant had due notice, or by the use of reasonable care and inspection therein, might and should have had due notice.

23. Upon information and belief, and at all times hereinafter mentioned, it was the duty of defendant LOWE'S HOME CENTERS, LLC, its agents, servants, and/or employees to maintain the aforesaid premises in a safe, proper, lawful and careful manner, so that the same would not be dangerous to persons lawfully on said premises and to keep same from defaults, traps and

6

conditions, constituting a danger and menace to persons lawfully and properly therein.

24.     Upon information and belief, and at all times hereinafter mentioned, it was the duty of defendant LOWE'S STORE #3159, its agents, servants, and/or employees to maintain the aforesaid premises in a safe, proper, lawful and careful manner, so that the same would not be dangerous to persons lawfully on said premises and to keep same from defaults, traps and conditions, constituting a danger and menace to persons lawfully and properly therein.

25.     That said accident and resulting injuries to the plaintiff were caused solely and wholly by reason of the carelessness, recklessness and negligence of the defendants without any negligence of the plaintiff contributing thereto.

26.     That by reason of the premises and wrongful acts and omissions on the part of the defendants as stated above, the plaintiff has suffered and will continue to suffer pain and agony in mind and body and was unable to attend to his duties, all to her damage in the sum which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

27.     That this action falls within one or more of the exceptions set forth in CPLR § 1602(2) (iv), (7), & (11).

**WHEREFORE**, Plaintiff(s) demand(s) judgment against the Defendants herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

7

Case 2:22-cv-00243-DRH-AYS Document 1-1 Filed 01/14/22 Page 9 of 33 PageID #: 13

Dated: New York, New York
August 24, 2021

Yours, etc.
LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC

_____

PANAGIOTIS D. CHRISTAKIS, ESQ.
*Attorneys for Plaintiff*
*ANTHONY PERALTA*
Financial Square at 32 Old Slip-8th Floor
New York, New York 10005
212-962-1020
Our File No. 30888

8

## ATTORNEY'S VERIFICATION

PANAGIOTIS D. CHRISTAKIS, an attorney duly admitted to practice before the Courts

of the State of New York, affirms the following to be true under the penalties of perjury: I am an

attorney at the LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC, attorneys of record for

Plaintiff, ANTHONY PERALTA. I have read the annexed **VERIFIED COMPLAINT** and

know the contents thereof, and the same are true to my knowledge, except those matters therein

which are stated to be alleged upon information and belief, and as to those matters I believe them

to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts,

records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff does not reside and are not presently in

the county wherein I maintain my offices.

DATED:    New York, New York
          August 24, 2021

_____
PANAGIOTIS D. CHRISTAKIS, ESQ.

9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X

ANTHONY PERALTA,

Plaintiff,

-against-

LOWE'S HOME CENTERS, LLC and
LOWE'S STORE #3159,

Defendants.
-------------------------------------------------------------------X

**NOTICE OF COMMENCEMENT
OF ACTION FOR PERSONAL
INJURIES PURSUANT TO CPLR
§306-C**

Index No.: 616479/2021

PLEASE TAKE NOTICE that pursuant to CPLR §306-C notice is hereby of

commencement of an action for personal injuries on behalf of the following:

**NAME:**            Anthony Peralta

**ADDRESS:**            175 Washington Avenue, Brentwood, New York 11717

**DATE OF INCIDENT:**            February 22, 2021

**SS#:**            xxx-xx-6112

Dated:            New York, New York
            August 24, 2021

I have read the foregoing and I certify that upon information and belief the source of
which is the file maintained by my office, that the foregoing Notice of Commencement of Action
for Personal Injuries pursuant to CPLR §306-C is not frivolous as defined by the Rules of the
Chief Administrator Section 130-1.1(c)

Yours, etc.
LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC

PANAGIOTIS D. CHRISTAKIS, ESQ.
Attorneys for Plaintiff(s)
*ANTHONY PERALTA*
Financial Square at 32 Old Slip - 8th FL
New York, New York 10005

Case 2:22-cv-00243-DRH-AYS   Document 1-1   Filed 01/14/22   Page 12 of 33 PageID #: 16

(212) 962-1020
Our File No. 30888

TO:

THE CLERK OF THE COURT

New York State Department of health
Division of Legal Affairs
Corning Tower Building
Room 2438
Albany, New York 12237

Human Resources Administration
Office of Legal Affairs/Subpoena Unit
4 World Trade Center
150 Greenwich Street, 38th floor
New York, New York 10007

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK, COUNTY OF NEW YORK ss.:

George Blades being duly sworn, deposes and says:

I am over 18 years of age, I am not a party to the action, and I reside in Kings County in the State of New York.

I served a true copy of the annexed

## NOTICE OF COMMENCEMENT OF ACTION FOR PERSONAL INJURIES PURSUANT TO CPLR §306-C

on August 25, 2021

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

THE CLERK OF THE COURT

New York State Department of health
Division of Legal Affairs
Corning Tower Building
Room 2438
Albany, New York 12237

Human Resources Administration
Office of Legal Affairs/Subpoena Unit
4 World Trade Center
150 Greenwich Street, 38th floor
New York, New York 10007

George Blades

Sworn to before me August 25, 2021

Notary Public

ASHLEY G. SHERRY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SH6410801
Qualified in Richmond County
Commission Expires   November 2, 2024

SUPREME OF THE STATE OF NEW YORK                                                    COUNTY OF SUFFOLK

**GPS and Timestamp:** 40.806313353719254, -73.29161101480658 1630941235000

| | |
|---|---|
| Plaintiff / Petitioner: | **AFFIDAVIT OF SERVICE** |
| ANTHONY PERALTA | **Index No:** |
| Defendant / Respondent: | 616479/2021 |
| LOWE'S HOME CENTER LLC ET AL | |

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at County of Nassau.  That on Mon, Sep 06 2021 AT 11:13 AM AT 100 LONG ISLAND EXPRESSWAY, COMMACK, NY 11725 deponent served the within summons and verified complaint and notice of commencement by electronic filing on LOWE'S STORE#3159

☐ **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

☒ **Corporation/Entity:**  LOWE'S  STORE#3159 a defendant, therein named, by delivering a true copy of each to Doug Irvine personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be Manager thereof.

☐ **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

☐ **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence/workplace, _____, and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with New York State. Mailed on _____.

☐ **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

| | | | | | | |
|---|---|---|---|---|---|---|
| Age:  50 | Ethnicity:  Caucasian | | Gender:  Male | | Weight:  180 | |
| Height:  6'2" | Hair:  Brown | Eyes:  Brown | | Relationship:  Manager | | |
| Other | | | | | | |

Said documents were conformed with index number and date of filing endorsed thereon.

Sworn to before me on  9/7/2021

_____                    _____
Mitchell Raider                                              Notary Public
1450036

SANDRA FERRARI
STATE
OF NEW YORK
NOTARY PUBLIC
Qualified in Kings County
01FE6033290
MY COMMISSION EXPIRES 11/13/20

1 of 1

## AFFIDAVIT OF SERVICE

INDEX #: **616479/2021**
DATE FILED: **8/24/2021**
ATTORNEY FILE#:   **30888**
ATTORNEY: **LAW OFFICES OF MICHAEL S. LAMONSOFF PLLC**
      **FINANCIAL SQUARE AT 32 OLD SLIP-8TH FLOOR NEW YORK NY 10005 (212)962-1020**

**SUPREME** COURT OF THE STATE OF NEW YORK      **SUFFOLK** COUNTY

**ANTHONY PERALTA,**
Plaintiff(s)
- against -
**LOWE'S HOME CENTERS, LLC AND LOWE'S STORE #3159,**
Defendant(s)

**STATE OF NEW YORK:**
**COUNTY OF ALBANY:    ss:**

STEF MARIE, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on **09/02/2021, 12:11PM** at **80 STATE STREET, 10TH FLOOR, ALBANY, NEW YORK 12207**, deponent served a **SUMMONS, VERIFIED COMPLAINT AND NOTICE OF ELECTRONIC FILING** upon **LOWE'S HOME CENTERS, LLC BY SERVICE UPON CORPORATION SERVICE COMPANY AS REGISTERED AGENT**, a defendant in the above captioned matter.

By delivering to and leaving a true copy of the above described papers thereof personally with **ALANA TITLEY**, Registered Agent, who indicated that she was authorized to accept service of process on behalf of **LOWE'S HOME CENTERS, LLC**.

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex **F**    Approximate age **27**    Approximate height **5'04"**    Approximate weight **250**    Color of skin **BLACK**    Color of hair **BLACK**

Sworn to before me on 09/03/2021
JILL DOCHERTY  NO. 01DO6373160
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES ON APRIL 2, 2022

x  S- marie
STEF MARIE

**COMPLIANT PROCESS SERVICE INC**
**2648 MONTAUK AVENUE MERRICK, NY 11566 (516)961-5246**

1 of 1

STATE OF NEW YORK
SUPREME COURT : COUNTY OF SUFFOLK

ANTHONY PERALTA,

                         Plaintiff,

v.

LOWE'S HOME CENTERS, LLC and
LOWE'S STORE #3159,

                         Defendants.

**VERIFIED ANSWER**

Index No.: 616479/2021

         Defendant, Lowe's Home Centers, LLC (incorrectly sued as "Lowe's Home Centers, LLC and Lowe's Store #3159") ("Lowe's"), by its attorneys, Goldberg Segalla LLP, for its Verified Answer to the plaintiff's Verified Complaint, responds as follows:

         1.         Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Verified Complaint.

         2.         Lowe's denies the allegations contained in paragraph 2 of the Verified Complaint.

         3.         In response to paragraph 3 of the Verified Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies any remaining allegations contained in paragraph 3 of the Verified Complaint.

         4.         Lowe's denies the allegations contained in paragraph 4 of the Verified Complaint.

         5.         Lowe's denies the allegations contained in paragraph 5 of the Verified Complaint.

         6.         Lowe's denies the allegations contained in paragraph 6 of the Verified Complaint.

         7.         Lowe's denies the allegations contained in paragraph 7 of the Verified Complaint.

         8.         Lowe's denies the allegations contained in paragraph 8 of the Verified Complaint.

         9.         Lowe's denies the allegations contained in paragraph 9 of the Verified Complaint.

1

10.     Lowe's admits the allegations contained in paragraph 10 of the Verified Complaint.

11.     In response to paragraph 11 of the Verified Complaint, Lowe's admits that it operated a Lowe's Home Improvement retail store on the premises located at 100 Long Island Expressway, Commack, New York 11725, and denies any remaining allegations contained in paragraph 11 of the Verified Complaint.

12.     Lowe's denies the allegations contained in paragraph 12 of the Verified Complaint.

13.     Lowe's denies the allegations contained in paragraph 13 of the Verified Complaint.

14.     Lowe's denies the allegations contained in paragraph 14 of the Verified Complaint.

15.     Lowe's denies the allegations contained in paragraph 15 of the Verified Complaint.

16.     Lowe's denies the allegations contained in paragraph 16 of the Verified Complaint.

17.     Lowe's denies the allegations contained in paragraph 17 of the Verified Complaint.

18.     Lowe's denies the allegations contained in paragraph 18 of the Verified Complaint.

19.     Lowe's denies the allegations contained in paragraph 19 of the Verified Complaint.

20.     Lowe's denies the allegations contained in paragraph 20 of the Verified Complaint.

2

INDEX NO. 616479/2021
RECEIVED NYSCEF: 09/17/2021

Case 2:22-cv-00243-DRH-AYS   Document 1-1   Filed 01/14/22   Page 18 of 33 PageID #: 22

21.     Lowe's denies the allegations contained in paragraph 21 of the Verified Complaint.

22.     Lowe's denies the allegations contained in paragraph 22 of the Verified Complaint.

23.     Lowe's denies the allegations contained in paragraph 23 of the Verified Complaint.

24.     Lowe's denies the allegations contained in paragraph 24 of the Verified Complaint.

25.     Lowe's denies the allegations contained in paragraph 25 of the Verified Complaint.

26.     Lowe's denies the allegations contained in paragraph 26 of the Verified Complaint.

27.     Paragraph 27 of the Verified Complaint calls for a legal conclusion to which no response is required.  To the extent that a response is required, Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Verified Complaint.

28.     Lowe's denies each and every other allegation of the Verified Complaint not previously specifically admitted, denied, or otherwise controverted.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

29.     The injuries and/or damages alleged in the Verified Complaint were caused in whole or in part by the culpable conduct on the part of the plaintiff, and without negligence or fault on the part of Lowe's.

3

**AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

30.     If Lowe's is found liable to the plaintiff, its responsibility for the accident is less

than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any

recovery by the plaintiff for non-economic loss against Lowe's should be limited to its

percentage of liability.

**AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE,
LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

31.     The Verified Complaint fails to state a cause of action against Lowe's.

**AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

32.     The plaintiff's injuries, if any, were caused in whole or in part by a person or

persons who are not within Lowe's control.

**AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE,
LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

33.     That pursuant to CPLR §4545 and other applicable sections of the CPLR, Lowe's

is entitled to a set off of collateral source payments.

**AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE,
LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

34.     Plaintiff failed to mitigate his alleged damages.

**AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

35.     The incident and alleged resulting injuries were not proximately caused by any

action or inaction of Lowe's.

**AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

36.     Plaintiff assumed the risk of the incident and any resulting injuries.

4

Case 2:22-cv-00243-DRH-AYS    Document 1-1    Filed 01/14/22    Page 20 of 33 PageID #: 24

## AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

37.     If the plaintiff seeks to recover a verdict or judgment against Lowe's, then any verdict or judgment must exclude or be reduced by those amounts which have been, or will with reasonable certainty replace or indemnify the plaintiff, in whole or in part, for any past or future medical costs, health care, life care, or other economic loss or the benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

## AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

38.     Lowe's did not receive requisite notice of any alleged dangerous, defective, or hazardous conditions set forth in plaintiff's Verified Complaint.

## AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

39.     Plaintiff's conduct was the sole proximate cause of the incident.

## AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

40.     Lowe's is entitled to the protection, provisions, and limitations of Section 15-108 of the General Obligations Law of the State of New York.

## AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

41.     Any risks and dangers at the time, place, and location set forth in the Verified Complaint were open, obvious, and apparent.

## AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

42.     Any alleged injuries and/or expenses resulted from the pre-existing and/or unrelated medical conditions, injuries, or illnesses of the plaintiff.

5

31107156.v1

Case 2:22-cv-00243-DRH-AYS Document 1-1 Filed 01/14/22 Page 21 of 33 PageID #: 25

**AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

43.     There may be documentary evidence exists which establishes a complete defense.

**AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

44.     There was a storm in progress at the time of the alleged incident.

**AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

45.     Lowe's reserves the right to amend this Answer and to add any applicable affirmative defenses after it has had the opportunity to discover all facts relevant to this action.

     **WHEREFORE**, Lowe's demands judgment as follows:

          a.     Dismissing the Verified Complaint, or

          b.     Reducing plaintiffs' recovery in the proportion to which the plaintiff's culpable conduct caused the alleged damages;

          c.      Limiting plaintiffs' recovery for non-economic loss against Lowe's to the percentage of responsibility attributed to Lowe's, if that percentage is less than fifty-one percent (51%); and

          d.     Such other and further relief as to this Court may seem just, proper, and equitable together with the costs and disbursements of this action.

Dated: Buffalo, New York
        September 17, 2021

                              GOLDBERG SEGALLA LLP


                              Kenneth L. Bostick, Jr., Esq.
                              *Attorneys for Defendants*
                              665 Main Street
                              Buffalo, New York 14203
                              (716) 566-5400

6

Case 2:22-cv-00243-DRH-AYS Document 1-1 Filed 01/14/22 Page 22 of 33 PageID #: 26

TO:    Panagiotis D. Cristakis, Esq.
       LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
       *Attorneys for Plaintiff*
       Financial Square at 32 Old Slip – 8th Floor
       New York, New York 10005
       (212) 962-1020

7

31107156.v1

## ATTORNEY VERIFICATION

STATE OF NEW YORK     )
COUNTY OF ERIE        ) ss:

Kenneth L. Bostick, Esq., being sworn, deposes and says:

1.     I am a partner with the law firm of Goldberg Segalla LLP, attorneys for defendant Lowe's Home Centers, LLC (incorrectly sued as "Lowe's Home Centers, LLC and Lowe's Store #3159") in this matter.

2.     I have read the foregoing Answer and either know the contents to be true or they are alleged upon information and belief, and as to those matters, I believe them to be true based upon the materials supplied by and discussions with defendant.

3.     The reason this verification is made by deponent and not by defendant is that defendant's corporate headquarters and residences are not located in the County of Erie where deponent's law office is located, or in the County of Suffolk, where this action is venued.

_____
Kenneth L. Bostick, Jr.

Sworn to before me this
17th day of September, 2021.

_____
Notary Public

SARAH A. WEISHEIT
NOTARY PUBLIC, STATE OF NEW YORK
Qualified in Chautauqua County
Commission Expires May 22, 20 25

8

31107156.v1

Case 2:22-cv-00243-DRH-AYS   Document 1-1   Filed 01/14/22   Page 24 of 33 PageID #: 28

THE STATE OF NEW YORK
SUPREME COURT : COUNTY OF SUFFOLK

ANTHONY PERALTA,                    **NOTICE OF EXAMINATION**
                                    **BEFORE TRIAL**
                    Plaintiff,

v.                                  Index No.: 616479/2021

LOWE'S HOME CENTERS, LLC and
LOWE'S STORE #3159,

                    Defendants.

     **PLEASE TAKE NOTICE**, that pursuant to CPLR Article 31, Defendant, Lowe's Home

Centers, LLC (incorrectly sued as "Lowe's Home Centers, LLC and Lowe's Store #3159"), will

cause to be taken before a notary public, upon oral examination, the testimony of Plaintiff,

Anthony Peralta.

     **PLEASE TAKE FURTHER NOTICE**, that all parties are required, pursuant to CPLR

3111, to produce all relevant books, papers and other things in the possession, custody or control

of such party to be marked as exhibits, and used on the examination.

Dated: Buffalo, New York
     September 17, 2021

                                    GOLDBERG SEGALLA LLP

                                     Kenneth L. Bostick, Jr., Esq.
                                     *Attorneys for Defendants*
                                     665 Main Street
                                     Buffalo, New York 14203-1425
                                     (716) 566-5400
                                     kbostick@goldbergsegalla.com

TO:    Panagiotis D. Christakis, Esq.
       LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
       *Attorneys for Plaintiff*
       32 Old Slip – 8th Floor
       New York, New York 10005
       (212) 962-1020

Case 2:22-cv-00243-DRH-AYS   Document 1-1   Filed 01/14/22   Page 25 of 33 PageID #: 29

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-------------------------------------------------------------------X

ANTHONY PERALTA,

                            Plaintiff,

                      -against-

LOWE'S HOME CENTERS, LLC and
LOWE'S STORE #3159,

                           Defendants.

-------------------------------------------------------------------X

**REQUEST FOR PRELIMINARY CONFERENCE**

Index No.: 616479/2021

The undersigned requests a Preliminary Conference.

The nature of the action is PERSONAL INJURY.

The names, addresses and telephone numbers of all attorneys appearing in the action are as follows:

LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
Attorneys for Plaintiff(s)
ANTHONY PERALTA
Financial Square at 32 Old Slip - 8th FL
New York, New York 10005
(212) 962-1020
File No.:30888

GOLDBERG SEGALLA LLP
Attorneys for Defendant(s)
LOWE'S HOME CENTERS, LLC and
LOWE'S STORE #3159
665 Main Street
Buffalo, New York 14203
(716) 566-5400

Dated:      New York, New York
              September 28, 2021

                          Yours, etc.

                          _____

                          PANAGIOTIS D. CHRISTAKIS

Case 2:22-cv-00243-DRH-AYS Document 1-1 Filed 01/14/22 Page 26 of 33 PageID #: 30

LAW OFFICES OF MICHAEL S. LAMONSOFF,
PLLC
Attorneys for Plaintiff(s)
ANTHONY PERALTA
Financial Square at 32 Old Slip - 8th FL
New York, New York 10005
(212) 962-1020
Our File No.: 30888

Case 2:22-cv-00243-DRH-AYS Document 1-1 Filed 01/14/22 Page 27 of 33 PageID #: 31

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-------------------------------------------------------------------X

ANTHONY PERALTA,

<table>
<tr><td>Plaintiff,</td><td>**AFFIRMATION**<br>**OF GOOD FAITH**</td></tr>
<tr><td>-against-</td><td>Index No.: 616479/2021</td></tr>
</table>

LOWE'S HOME CENTERS, LLC and
LOWE'S STORE #3159,

Defendants.

-------------------------------------------------------------------X

PANAGIOTIS D. CHRISTAKIS, an attorney admitted to practice before the

Courts of this State affirms the truth of the following under the penalty of perjury and pursuant to

CPLR Rule 2106 that the following facts are true:

1. I am the attorney for the plaintiff(s) herein and as such I am fully familiar with the

facts and circumstances of this action based upon a review of the case file and the investigation

materials contained therein.

2. This affirmation is submitted in connection with the filing of a Request for Judicial

Intervention requesting a Preliminary Conference.

3. This is a negligence action to recover damages for serious permanent injuries

sustained by plaintiff ANTHONY PERALTA as a result of an accident which occurred on

February 22, 2021.

4. A Summons and Complaint was served on the defendant(s) and issue was joined

shortly thereafter.

Case 2:22-cv-00243-DRH-AYS   Document 1-1   Filed 01/14/22   Page 28 of 33 PageID #: 32

**WHEREFORE**, plaintiff respectfully requests a preliminary conference be scheduled at

the Court's earliest convenience.

Dated:      New York, New York
            September 28 , 2021

_____
PANAGIOTIS D. CHRISTAKIS

Case 2:22-cv-00243-DRH-AYS   Document 1-1   Filed 01/14/22   Page 29 of 33 PageID #: 33

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK, COUNTY OF NEW YORK ss.:

**SANDRA FERRARI**, being duly sworn, deposes and says:

I am over 18 years of age, I am not a party to the action, and I reside in Kings County in the State of New York.

I served a true copy of the annexed

## REQUEST FOR PRELIMINARY CONFERENCE

On September 2⅞ 2021 by mailing and faxing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

TO:

GOLDBERG SEGALLA LLP
Attorneys for Defendant(s)
LOWE'S HOME CENTERS, LLC and
LOWE'S STORE #3159
665 Main Street
Buffalo, New York 14203
(716) 566-5400

Sandra Ferrari

Sworn to before me _September 28_ , 2021

_____

Notary Public

ASHLEY G. SHERRY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SH6410801
Qualified in Richmond County
Commission Expires November 2, 2024

Index No. 616479/2021
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

ANTHONY PERALTA,

Plaintiff,

-against-

LOWE'S HOME CENTERS, LLC and
LOWE'S STORE #3159,

Defendants.

## REQUEST FOR PRELIMINARY CONFERENCE

### LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
***Attorneys for Plaintiff MATTHEW ANDERSON***
**Financial Square at 32 Old Slip**
**New York, New York 10005**
**(212) 962-1020**

TO: SEE AFFIDAVIT OF SERVICE

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the
State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions
contained in the annexed document are not frivolous.

_____
**PANAGIOTIS D. CHRISTAKIS**

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK, COUNTY OF NEW YORK ss.:

**SANDRA FERRARI**, being duly sworn, deposes and says:

I am over 18 years of age, I am not a party to the action, and I reside in Kings County in the State of New York.

I served a true copy of the annexed

### REQUEST FOR PRELIMINARY CONFERENCE

On September 28, 2021 by mailing and faxing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

TO:

GOLDBERG SEGALLA LLP
Attorneys for Defendant(s)
LOWE'S HOME CENTERS, LLC and
LOWE'S STORE #3159
665 Main Street
Buffalo, New York 14203
(716) 566-5400

_____
Sandra Ferrari

Sworn to before me _September 28_ , 2021

_____
Notary Public

ASHLEY G. SHERRY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SH6410801
Qualified in Richmond County
Commission Expires   November 2, 2024

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 07/29/2019)

### Suffolk Supreme COURT, COUNTY OF Suffolk

Index No: 616479/2021     Date Index Issued: 08/25/2021

**For Court Use Only:**

**IAS Entry Date**

| CAPTION | Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet. |
|---|---|

Anthony Peralta

Plaintiff(s)/Petitioner(s)

**Judge Assigned**

-against-

Lowe's Home Centers, LLC, Lowe's Store #3159

**RJI Filed Date**

Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING: Check only one box and specify where indicated.

**COMMERCIAL**

- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☐ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify): _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.*

**REAL PROPERTY:** Specify how many properties the application includes: _____

- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify): ☐ Residential ☐ Commercial
  Property Address: _____

  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F)**.*

- ☐ Tax Certiorari - Section:    Block:    Lot:
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): _____

**OTHER MATTERS**

- ☐ Certificate of Incorporation/Dissolution   [see *NOTE* in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify): _____

**MATRIMONIAL**

- ☐ Contested

  *NOTE: If there are children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum (UCS-840M)**.*

  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI **(UD-13)**.*

**TORTS**

- ☐ Asbestos
- ☐ Child Victims Act
- ☐ Environmental (specify): _____
- ☐ Medical, Dental, or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify): _____
- ☒ Other Negligence (specify): Premises
- ☐ Other Professional Malpractice (specify): _____
- ☐ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**

- ☐ CPLR Article 75 (Arbitration)   [see *NOTE* in **COMMERCIAL** section]
- ☐ CPLR Article 78 (Body or Officer)
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 (Kendra's Law)
- ☐ MHL Article 10 (Sex Offender Confinement-Initial)
- ☐ MHL Article 10 (Sex Offender Confinement-Review)
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify): _____
- ☐ Other Special Proceeding (specify): _____

## STATUS OF ACTION OR PROCEEDING: Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☒ | ☐ | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | ☒ | ☐ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: _____ |

## NATURE OF JUDICIAL INTERVENTION: Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental, or Podiatric Malpractice   Date Issue Joined: _____
- ☐ Notice of Motion   Relief Requested: _____   Return Date: _____
- ☐ Notice of Petition   Relief Requested: _____   Return Date: _____
- ☐ Order to Show Cause   Relief Requested: _____   Return Date: _____
- ☐ Other Ex Parte Application   Relief Requested: _____
- ☐ Poor Person Application
- ☒ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

Case 2:22-cv-00243-DRH-AYS   Document 1-1   Filed 01/14/22   Page 33 of 33 PageID #: 37

| **RELATED CASES:** List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | | |
|---|---|---|---|---|
| **Case Title** | **Index/Case Number** | **Court** | **Judge (if assigned)** | **Relationship to instant case** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| **PARTIES:** | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | |
|---|---|---|---|---|
| **Un-Rep** | **Parties** List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant; 3rd party plaintiff, etc.) | **Attorneys and/or Unrepresented Litigants** For represented parties, provide attorney's name, firm name, address, phone and email.  For unrepresented parties, provide party's address, phone and email. | **Issue Joined** For each defendant, indicate if issue has been joined. | **Insurance** For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: Peralta, Anthony<br><br>Role(s): Plaintiff/Petitioner | PANAGIOTIS CHRISTAKIS, Law Offices of Michael S. Lamansoff, 32 Old Slip, 8th Floor , New York, NY  10005, 2129621020, peterchristakis@gmail.com | ☒ YES  ☐ NO | |
| ☐ | Name: Lowe's Home Centers, LLC<br><br>Role(s): Defendant/Respondent | KENNETH BOSTICK JR., Goldberg Segalla LLP, 665 Main St , Buffalo, NY  14203, kbostick@goldbergsegalla.com | ☒ YES  ☐ NO | |
| ☐ | Name: Lowe's Store #3159<br><br>Role(s): Defendant/Respondent | KENNETH BOSTICK JR., Goldberg Segalla LLP, 665 Main St , Buffalo, NY  14203, kbostick@goldbergsegalla.com | ☒ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER  RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated:  09/28/2021

PANAGIOTIS DEMETRIOS CHRISTAKIS
Signature

4895504
Attorney Registration Number

PANAGIOTIS DEMETRIOS CHRISTAKIS
Print Name

*This form was generated by NYSCEF*