**EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X
ANTHONY PERALTA,

                Plaintiff,

-against-

LOWE'S HOME CENTERS, LLC and
LOWE'S STORE #3159,

                Defendants.
-----------------------------------------------------------------X

**RESPONSE TO DEFENDANT'S COMBINED DEMANDS**

Index No.:
616479/2021

Plaintiff(s), by their attorneys, LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC, as and for a response to Defendants' Combined Demands, allege(s) upon information and belief, as follows:

## GENERAL OBJECTIONS

Each and every one of the following objections is incorporated into each and every response as if more fully set forth herein:

1. Plaintiff objects to every discovery and inspection demand to the extent that it: (a) seeks information and/or materials beyond the scope of discovery pursuant to C.P.L.R. and local rules of discovery; (b) seeks information and/or materials beyond the scope of any Court Order; (c) may otherwise be construed to require responses beyond that required by applicable laws.

2. Plaintiff objects generally to each and every discovery and inspection demand to the extent that it is unduly burdensome, prolix and oppressive insofar as it seeks information and materials within defendants' knowledge, possession and/or control.

3. Plaintiff objects generally to each and every discovery and inspection demand to the extent that it seeks information and/or materials not relevant to the issue raised in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

## INADVERTENT PRODUCTION

Inadvertent production of any document shall not constitute a waiver of any privilege or

any other ground for objecting to discovery with respect to such documents, or any other document, or with respect to the subject matter thereof, or the information contained therein, nor shall such inadvertent production waive the right of the plaintiffs to object to the use of any such documents or the information contained therein during this or any subsequent proceeding.

### RESERVATION OF RIGHTS

Plaintiff reserves the right to: (a) produce to defendants any document relating to the subject matter of a demand that is objected to on the ground of burden, over breadth or vagueness that would have been produced pursuant to a properly drawn demand relating to the same subject matter; (b) produce documents at the office of its counsel; and (c) to produce only the responsive portions of documents where such documents also contain information which is not responsive to a demand or is privileged.

### DEMAND FOR INCOME TAX RETURNS

Not applicable. Plaintiff was not employed at the time of the accident.

### DEMAND FOR MEDICARE/MEDICAID LIEN INFORMATION TO PLAINTIFF

Plaintiff is a Medicaid recipient not Medicare.

### DEMAND PURSUANT TO CPLR 3017(c)

Plaintiff claims $5,000,000 in damages.

### DEMAND FOR STATEMENTS, WITNESSES, PHOTOGRAPHS, REPORTS AND MEDICAL RECORDS

1. Plaintiff is not in possession of any adverse party statements at this time; however, he reserves his rights to provide same should any become available.

2. Plaintiff objects to the portion of the demand seeking authorizations to obtain plaintiff's medical records for two years prior to the accident to present, as it is overly broad, unduly burdensome and oppressive, as defendants have not laid any foundation to seek entitlement to those records, if any. Without waiving said objection, annexed hereto are duly executed authorizations for the release of plaintiff's treatment records in connection with the subject incident:

- City MD, 1345 RXR Plaza, Uniondale, New York 11556-1301
- Perry Physical Medicine and Rehabilitation, P.C., 2033 Deer Park Avenue Deer Park, New York 11729
- Dr. Barry Katzman, 261 Jericho Turnpike, Floral Park, NY 11001
- Stand Up MRI of Deer Park, P.C., 1118 Deer Park Avenue North Babylon, New York 11703
- New York Spine Specialist/Dr. Giangrasso 2001 Marcus Avenue, Suite W170 Lake Success, NY 11042

3. Annexed hereto are copies of the following hospital and medical records, reports, bills, notes, x-rays, CAT scans, reports of diagnostic tests and pharmaceutical records relating to Plaintiff **ANTHONY PERALTA**:

- City MD, 1345 RXR Plaza, Uniondale, New York 11556-1301
- Perry Physical Medicine and Rehabilitation, P.C., 2033 Deer Park Avenue Deer Park, New York 11729
- Dr. Barry Katzman, 261 Jericho Turnpike, Floral Park, NY 11001
- Stand Up MRI of Deer Park, P.C., 1118 Deer Park Avenue North Babylon, New York 11703

4. Plaintiff is not aware of any witnesses; however, he reserves his rights to provide same if and when such information becomes available.

5. Plaintiff objects generally to each and every discovery and inspection demand to the extent that it is unduly burdensome, prolix and oppressive insofar as it seeks information and materials within defendants' knowledge, possession and/or control. Without waiving his objection, plaintiff is not in possession of any photographs, or videotapes of the scene of the incident.

6. Plaintiff is not in possession of any photographs, videotapes, films or slides taken of Plaintiff's injuries. However, plaintiff reserves their right to supplement their responses to this demand up to and during the time of trial.

7. Plaintiff is not in possession of any videotaped or audiotaped interviews, statements, and news reports relating to the subject incident.

8. Not applicable.

9. Plaintiff objects to this demand in that it seeks information and/or materials not

relevant to the issue raised in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

10. Plaintiff objects to this demand on the grounds that defendants have proffered any foundation for entitlement to the requested information and on the grounds that it seeks information and/or materials not relevant to the issue raised in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

11. To be provided under separate cover.

12. Plaintiff objects to this demand in that it is overly broad, vague, unduly burdensome, and not reasonably calculated to lead to discoverable information.

13. Plaintiff objects to this demand in that it is overly broad, vague, unduly burdensome, and not reasonably calculated to lead to discoverable information.

14. Not applicable.

15. Not applicable. Plaintiff was not employed at the time of the subject incident.

16. Plaintiff objects to this demand in that it is unduly burdensome, prolix and oppressive insofar as it seeks information and materials within defendants' knowledge, possession and/or control.

17. Plaintiff is not in possession of any adverse party statements.

18. Plaintiff objects to this demand in that it is unduly burdensome, prolix and oppressive insofar as it seeks information and materials within defendants' knowledge, possession and/or control.

19. Plaintiff objects to this demand on the grounds that it: (a) seeks information and/or materials beyond the scope of discovery pursuant to C.P.L.R. and local rules of discovery, and (b) may otherwise be construed to require responses beyond that required by applicable laws.

20. Plaintiff objects to this demand as it is unduly burdensome, prolix and oppressive insofar as it seeks information and materials within defendants' knowledge, possession and/or control.

Dated:    New York, New York
           December 28, 2021

Yours etc.

PANAGIOTIS D. CHRISTAKIS
LAW OFFICES OF
MICHAEL S. LAMONSOFF, PLLC
Attorneys for Plaintiff(s)
ANTHONY PERALTA
Financial Square at 32 Old Slip - 8th FL
New York, New York 10005
(212) 962-1020
Our File No. 30888

TO:

GOLDBERG SEGALLA LLP
Attorneys for Defendants
665 Main Street
Buffalo, New York 14203-1425
(716)566-5400
kbostick@goldbergsegalla.com